[No. 8,175.—Department Two.]
July 27, 1882.

## JAMES McFADDEN v. H. M. MITCHELL.

Action to Recover Personal Property—Bill of Sale—Delivery.—It is not a sufficient objection to the introduction of a bill of sale in evidence that there has been no proof of its delivery.

Id.—Cross-examination—Evidence.—The plaintiff's vendor having testified as a witness for the plaintiff to the execution of the bill of sale, the defendant on cross-examination proposed to ask him several questions as to the consideration of the instrument, which were objected to on the ground that they were not responsive to the examination in chief. *Held*: The objections were properly sustained.

Foreign Law—Expert.—A witness testified that he had resided in the State of Sonora and was acquainted with the Spanish language and to some extent with the existing laws of Mexico and with the books there recognized as authority; and that "Escriche" was recognized there as the general law of the land.

*Held:* The witness was shown to be sufficiently skilled in the unwritten law of Mexico to render him competent to testify to what it was.

Appeal from a judgment for the plaintiff and from an order denying a new trial in the Superior Court of the County of Los Angeles. Howard, J.

The action was brought to recover personal property, and the defendant justified as Sheriff under an execution against the plaintiff's vendor. The motions to strike out testimony referred to in the opinion involve the same points as were made in the objection to the testimony referred to in the opinion.

*Thom & Stephens* and *Glassell & Smith,* for Appellant.

*Brunson & Wells, Bicknell & White,* and *F. H. Howard,* for Respondent.

The Court:

The objection to the introduction of the bill of sale in evidence, on the ground that there had been no proof of its delivery, was properly overruled. (C. C., § 1,055).

For the purpose of proving the due execution of the bill of sale the witness Allen was asked: "Whose signature is that at the bottom of the instrument?" and he answered: "That is

mine. I wrote it. I was then in Sonora, Mexico." The rule is well settled that on cross-examination the witness could only be examined as to matters to which he had been examined on his examination in chief; and the questions which appellant's counsel on cross-examination put to the witness, and to which objections were sustained by the Court, did not relate to matters concerning which the witness had been examined at that time by the party calling him. We therefore think that the objections were properly sustained.

We think that the witness Howard was shown to be sufficiently skilled in the unwritten law of Mexico to render him competent to testify to what it was.

It does not appear to us that there is any error in the rulings of the Court upon the motions to strike out testimony, and we can not reverse the judgment on the ground of insufficiency of the evidence to justify the decision, because, in our opinion, it is clearly conflicting upon all the material issues in the case.

Judgment and order affirmed.