[No. 12402.   In Bank. —November 2, 1888.]

J. H. BRALY, RESPONDENT, v. S. W. HENRY, AP-
PELLANT.

PROMISSORY NOTE — OWNERSHIP BY PLAINTIFF — EVIDENCE TO CONTRADICT
ADMISSION OF PLEADINGS. — In an action on a promissory note, evidence
is inadmissible to show that the plaintiff is not the owner of the note,
when his ownership is admitted by the pleadings.

ID. — SPECIFICATION OF ERRORS CONTRARY TO RECITALS OF BILL OF EX-
CEPTIONS. — In such an action, alleged errors in rejecting evidence offered
to show that the plaintiff was not the owner of the note will not be con-
sidered, when the bill of exceptions recites that the note was executed by
the defendant, and indorsed and delivered to the plaintiff.

ID. — CROSS-EXAMINATION — CONSIDERATION. — Where a witness has not
given any testimony on his examination in chief, with respect to the con-
sideration of the note, it is not proper cross-examination to ask him ques-
tions for the purpose of showing that the note was without consideration.

APPEAL from a judgment of the Superior Court of
Fresno County, and from an order refusing a new trial.

The issues raised by the pleadings are stated in the
opinion on the former appeal, reported in 71 Cal. 481.
The further facts are stated in the opinion of the court.

*Goucher & Geis,* and *W. D. Grady,* for Appellant.

*George A. Nourse,* and *Nourse & Church,* for Respond-
ent.

WORKS, J.—This is the second time this case has been
before this court.   (*Braly* v. *Henry,* 71 Cal. 481.)

We refer to the former opinion for a statement of the
issues presented by the pleadings.

At the second trial in the court below the defendant
was permitted to introduce evidence tending to show
a contemporaneous agreement between the payee of the
note and himself, by which he was to be credited with
the quantity of hay the stack was found on measurement
to fall short of the quantity estimated by the parties, and
for which the note was executed.   The question whether

there was such a shortage is the only real controversy presented by the pleadings.

· The jury found against the defendant for the full amount of the plaintiff's claim, and judgment was rendered accordingly. Defendant appeals.

The record is full of objections to the evidence on the part of the defendant. There are no less than *forty* specifications of error, all going to the admission or exclusion of evidence, although the evidence is very brief, taking up less room in the transcript than the objections themselves and rulings thereon. We cannot extend this opinion, in like manner, by considering these alleged errors separately and in detail.

*Eighteen* of the alleged errors are in sustaining objections of plaintiff's counsel to questions put to plaintiff on cross-examination, with the view of proving by him that he was not the owner of the note sued on, and that the same was without consideration. As to the matter of the ownership of the note, the objections were properly sustained for two reasons: —

1. There was no issue as to the ownership. That plaintiff was the owner of the note, was admitted by the answer.

2. The bill of exceptions recites in the beginning that it is *proved* that the note was executed by the defendant to one Hughes, and by Hughes indorsed and delivered to plaintiff before the commencement of the suit.

As to the question of consideration, the objections were properly sustained, for the reason that the witness had not given any testimony on the point in chief, and the same were not proper cross-examination.

· We have carefully examined the other errors assigned, and find them to be equally without foundation.

The defendant was permitted to go fully into the evidence excluded on the former trial, and the verdict of the jury is against him. It is urged that the verdict is not sustained by the evidence, but there are no specifi-

cations of particulars in which the verdict is not sustained.

Waiving this omission, we are of opinion that the evidence is sufficient to uphold the verdict.

It is urged by counsel for respondent that the record is not properly before us, but we have preferred to decide the case upon its merits.

Judgment and order denying motion for a new trial affirmed.

SEARLS, C. J., SHARPSTEIN, J., McFARLAND, J., THORNTON, J., and PATERSON, J., concurred.