# WALDEMAR T. HANSEN

*v.*

## CHARLES J. MILLER.

*Filed at Ottawa, November 23, 1892.*

1. EVIDENCE—*calling out a conversation on cross-examination of plaintiff.* Where a defendant calls out of the plaintiff on cross-examination a part of a conversation, this will not entitle him to go into the whole of the conversation on such cross-examination.

2. The rule is familiar that the cross-examination of a witness should be confined to matters to which he has testified on his direct examination, and there is no reason why the rule should not apply to the examination of a party as a witness the same as to other witnesses.

3. APPEALS AND WRITS OF ERROR—*finding of Appellate Court—assigned as error in the Supreme Court.* Where a cause is tried by the court without a jury, and no propositions are submitted to be held as the law, the finding of the trial and Appellate Court upon the evidence can not be assigned for error in this court.

4. SAME—*assigning errors in Supreme Court—not assigned in Appellate Court.* Where the ruling of the trial court in sustaining an objection to a question on cross-examination is not assigned for error in the Appellate Court, it can not be considered by this court. The Appellate Court is required to pass upon only such errors as are assigned on the record before it, and its judgment can not be impeached for a failure to sustain an error which was not assigned.

5. SAME—*questions not raised in the trial court.* Where the trial court is not called upon to rule as to the law of the case tried therein without a jury, as to the holding of propositions of law or the admission or exclusion of evidence, there will be no ground upon which this court can hold that any error was committed.

APPEAL from the Appellate Court for the First District; —heard in that court on appeal from the Superior Court of Cook County; the Hon. THEO. BRENTANO, Judge, presiding.

Messrs. G. W. & J. F. KRETZINGER and Mr. FRED. L. BROOKS, for the appellant.

Messrs. THORNTON & CHANCELLOR, for the appellee.

Mr. CHIEF JUSTICE BAILEY delivered the opinion of the Court:

This was a suit in assumpsit, brought by Charles J. Miller against Waldemar T. Hansen, to recover back the purchase money paid by the plaintiff upon a contract for the sale and conveyance to him of certain land, with interest. On the 31st day of October, 1883, the firm of Fredericksen, Hansen & Drummond, of which the defendant was a partner, entered into a contract in writing with the plaintiff, by which they agreed to sell and convey to him a certain eighty-acre tract of land in Martin county, Minnesota, for $560, payable in seven equal payments, the first to be paid at the date of the contract, and the others annually for six years thereafter, interest in advance on the deferred payments for one year, at the rate of six per cent per annum, to be added to each payment. The contract recited that the plaintiff had given his promissory notes for the deferred payments, and it was agreed that when the notes were paid, the vendors would convey the land to the plaintiff by warranty deed.

The evidence tends to show that after the first two installments were paid, Fredericksen, Hansen & Drummond dissolved their partnership, Fredericksen and Hansen each

going into business on his own account in Chicago, and Drummond leaving the city, and also that on such dissolution, the contract in question and the notes given for the purchase money were sold and assigned by the vendors to the Merchants' Exchange Bank of Milwaukee. The evidence also tends to show that after the dissolution of the firm, the third installment was paid by the plaintiff to Hansen, the note given therefor being subsequently procured by Hansen and surrendered up to the plaintiff; that Hansen afterwards told the plaintiff that he had nothing more to do with the matter and that the plaintiff should go over to Fredericksen and pay him, and that the plaintiff thereupon paid the fourth, fifth and sixth installments to him; that when the last installment became due, the plaintiff went to Fredericksen's office and found that he had left the city, and not being willing to leave the money with Fredericksen's son, who was in charge of his office, the plaintiff went to Hansen's office; that Hansen was at the time in his rear office, but a clerk who was in charge of the front office refused to allow the plaintiff to pass into the room where Hansen was; that after remaining an hour seeking an opportunity to tender the money due on the last installment to Hansen, and not being allowed to see him for that purpose, he offered the money to the clerk in charge of the office, who declined to receive it. The plaintiff thereupon brought the present suit. Some evidence was introduced tending to show that the plaintiff was chargeable with notice of the dissolution of the defendant's firm, and of the assignment of the contract in question, and of the notes given for the purchase money, to the Merchants' Exchange Bank.

The trial, which was had before the court, a jury being waived, resulted in a finding and judgment in favor of the plaintiff for $686.71, that being the amount actually paid by the plaintiff on the contract and interest thereon at the rate of six per cent per annum. This appeal is from a judg-

ment of the Appellate Court affirming the judgment of the trial court, the judges of the Appellate Court having granted the necessary certificate of importance.

The record, as it comes here, presents no question as to the propriety of the finding of the trial court, or as to the sufficiency of the evidence to support such finding, which is open for review in this court. No propositions were submitted to be held as the law in the decision of the case, nor, so far as the record shows, was any question of law raised at the trial upon which the plaintiff's right to recover depends. The court was not called upon to rule as to the law of the case, and there is, therefore, no ground upon which we can hold that any error of law was committed. We have frequently held, in cases coming to this court from the Appellate Court, that where the trial is by the court without a jury, and no propositions are submitted to be held as the law, the finding of the court upon the evidence can not be assigned for error here.

The point is made that the trial court erred in sustaining an objection to a certain question put to the plaintiff on cross-examination, and that for such error the Appellate Court should have reversed the judgment. It is a sufficient answer to say that the sustaining of said objection was not assigned for error in the Appellate Court. Among the errors there assigned was the admission of improper evidence offered on behalf of the plaintiff over the objection of the defendant, but no error was assigned which called in question the refusal by the court to admit proper evidence offered by the defendant. The Appellate Court was called upon to pass upon such errors only as were assigned upon the record before it, and its judgment can not now be impeached for a failure to sustain an error which was not assigned.

But waiving the defect in the assignment of errors, we are of the opinion that the objection was properly sustained. The plaintiff, on his direct examination, gave no

testimony as to his knowledge of the dissolution of the defendant's firm, or as to having been informed that, upon such dissolution, the contract and notes in question had been turned over by the firm to the parties in Milwaukee. On cross-examination, however, he was asked how he found out that he could not continue his payments at the office of Fredricksen, Hansen & Drummond, to which he answered: "Well, they told me there at the office, at the time I went down to pay the third note, that they had discontinued the partnership." The following question was then put to him:

"Q. Mr. Hansen told you that they had dissolved the partnership. Didn't he tell you also that neither he nor the other partners had any right to receive any money on account of this contract?"

An objection to this question being sustained, the defendant's counsel put to the plaintiff the following question:

"Q. I will ask you if you were not told by Mr. Hansen that the partnership between himself, Fredericksen and Drummond had been dissolved subsequent to the making of this contract, and that all their papers and duplicates of contracts had been turned over to Mr. Nunnemacher of Milwaukee, and that he was the only one authorized to receive any money on account of these contracts, or to fulfill them on behalf of the company?"

This question was objected to on the ground, among others, that it was not cross-examination, and the objection was sustained.

The rule is familiar, that the cross-examination of a witness should be confined to matters to which he has testified on his direct examination, and we are aware of no reason why this rule should not apply to the examination of a party as a witness the same as to the examination of other witnesses. If the defendant desired to examine the plaintiff in relation to matters to which he had not testified in

chief, he was at liberty, at the proper time, to make him his own witness and examine him as to such matters. But the plaintiff was entitled to have the rules of evidence so applied as to confine the cross-examination to the matters brought out on the direct examination.

The rule sought to be invoked by the defendant, that where one party gives evidence of a part of a conversation, the other party is entitled to call out the residue, so far as material, has no application, as the conversation was not alluded to by the witness on his direct examination, but was first mentioned in answer to a question put to him on cross-examination. The defendant did not thereby become entitled to go into the whole conversation.

We see no ground for disturbing the judgment of the Appellate Court, and it will therefore be affirmed.

*Judgment affirmed.*