CARR, RYDER & ADAMS COMPANY, Appellant, *v.* CLOSSER et al., Defendants.   T. C. DAVIDSON, Respondent.

(No. 1,457.)

(Submitted May 6, 1902.   Decided July 14, 1902.)

*Practice—Appeal—New Trial—Record on Appeal—Notice of Intention—Omission from Record—Effect—Reversal—Affidavits in Support of a Motion for a New Trial—Bill of Exceptions.*

1.  Unless the notice of intention to move for a new trial be included in a statement on motion for a new trial or in a bill of exceptions it will on appeal be stricken from the record on motion.

2.  Where a motion for a new trial was made upon a statement of the case which does not contain a copy of the notice of intention or any reference thereto, and such omission was not waived by the adverse party, the order granting a new trial will be reversed.

3.  Decisions upon mere matters of practice will not be disturbed, even if erroneous, unless it is apparent that injustice will likely result from adherence thereto, or that a change will not work a wrong.

4.  Although Code of Civil Procedure, Sec. 1151, provides that a new trial order is deemed excepted to, and no bill of exceptions is required, the mode of presenting on appeal affidavits in support of a motion for a new trial is by formal bill of exceptions, and in this bill should be embraced, unless there is a waiver or an estoppel, the notice of intention.   ●

*Appeal from District Court, Deer Lodge County; Welling Napton, Judge.*

Action by Carr, Ryder & Adams Company against Floyd Closser and another.   Judgment for plaintiff, and from an order granting a new trial plaintiff appeals.   Reversed.

*Messrs. McHatton & Cotter,* for Appellant.

*Messrs. Walsh & James, Mr. H. P. Napton, Messrs. McConnell & McConnell,* and *Mr. C. A. Davidson,* for Respondent.

MR. JUSTICE PIGOTT delivered the opinion of the court.

In the court below the plaintiff recovered judgment against

both of the defendants. From an order granting the defendant Davidson a new trial, the plaintiff has appealed.

On motion of the appellant this court, in *Carr, Ryder & Adams Co.* v. *Closser et al.,* 25 Montana Reports, 149, (63 Pac. 1043), struck from the transcript the notice of intention to move for a new trial, the opinion containing the following language: "The notice is not made part of any bill of exceptions or statement of the case on motion for a new trial, nor is it a constituent part of the judgment roll provided for and defined in Section 1196 of the Code of Civil Procedure; neither is it, in the absence of a bill of exceptions or statement on motion for a new trial containing it, one of the papers required by Sections 1176 and 1738 of the Code of Civil Procedure to be furnished by copy to this court. It is therefore not a part of the transcript or record on appeal, and must be stricken out." Counsel for the respondent say that they "hardly know what the court means by the expression, 'Nor is it, in the *absence* of a bill of exceptions or statement on motion for a new trial, one of the papers required by Sections 1176 and 1738 of the Code of Civil Procedure to be furnished by copy to this court.'" They inquire whether the court meant to hold that the notice of intention need not be made part of the record on appeal when affidavits only are used, but must be made part of such record when a statement or bill is used. Counsel have been misled by reading the opinion as it was before correction. Originally the words "containing it" were inadvertently omitted, and in that form the opinion was unofficially reported; but shortly afterwards the omission was observed, and the words quoted inserted. As corrected by the addition of the two words, we think the language may be thus paraphrased: Sections 1176 and 1738 of the Code of Civil Procedure designate the papers which shall constitute the record on appeal from orders granting or refusing new trials; the notice of intention to move for a new trial is not one of the papers so designated, nor is it part of the judgment roll; unless such notice be included in a statement on motion for a new trial or in a bill, it is not required to be furnished by a copy to this court, is not part of the record, and, on

motion, will be stricken out; when so included such notice necessarily comes up with the statement or bill of which it is part, and in that sense only it is then one of the papers required to be furnished by Sections 1176 and 1738, *supra*. This interpretation of the opinion, if any be needed, is confirmed by the views expressed in *Beach* v. *Spokane Ranch and Water Co.*, 25 Montana Reports, 367, (65 Pac. 106).

The motion for a new trial was made upon a statement of the case which does not contain a copy of the notice of intention or any reference thereto. As was held in *Harrigan* v. *Lynch*, 21 Montana Reports, 36, (52 Pac. 642), and in *In re Reilly's Estate*, 26 Montana Reports, 358, (67 Pac. 1121), the giving of such notice may be waived, and the omission from the bill or statement of such notice, when one has been given, may also be waived. In the case at bar the notice of intention is not before us, and the record fails to disclose facts from which an inference of waiver may be drawn; on the contrary, the appellant seasonably objected to the statement on the ground indicated, and its counsel now advances the failure of respondents in the respect mentioned as one of the reasons why the order should be reversed. If the rule of *Grinnell* v. *Davis*, 20 Montana Reports, 222 (50 Pac. 556), *Harrigan* v. *Lynch, supra*, and *In re Reilly's Estate, supra*, be followed, the order granting a new trial must be reversed. Counsel for the respondents insist that those cases were decided on the erroneous assumption that Sections 1176 and 1738 of the Code of Civil Procedure of 1895 are substantially the same as Section 438 of the First Division of the Compiled Statutes of 1887, and that the cases were wrongly decided. But counsel suggest no reason in support of their contention that was not carefully considered by this court in the two latter cases cited.' Sections 1176 and 1738, *supra*, were adopted from the statutes of California after the supreme court of that state had interpreted them in *Pico* v. *Cohn*, 78 California Reports, 384, (20 Pac. 706). While *Harrigan* v. *Lynch and In re Reilly's Estate, supra*, were under advisement, the members of this court examined the transcript in *Grinnell* v. *Davis, supra*, and found that the new trial proceedings were instituted after

these sections had become law.    It is probably true that in *Grinnell* v. *Davis* this court should have followed the interpretation which had been placed upon similar sections by *Pico* v. *Cohn*, and that an injustice was worked by not following it. Doubtless the court would have conformed to the practice established by *Pico* v. *Cohn* had it been advised of that decision. But the *Grinnell Case*, which was decided in 1897, has never been overruled by or doubted in any subsequent opinion, but, on the contrary, has been reaffirmed, and seems to be correct on principle.    That decisions upon mere matters of practice be not disturbed, even if erroneous, is of prime importance.    It is most desirable that the practice be settled and known.    Unless it be apparent that injustice will likely result from adherence to such decisions (*Ramsey* v. *Burns,* 24 Mont. 234, 61 Pac. 129), or that a change will not work a wrong, they should not be disturbed.    Only the most cogent reasons can justify a court in overturning them.    *Arnold* v. *Sinclair,* 12 Montana Reports, 248, (29 Pac. 1124), *Bookwalter* v. *Conrad,* 14 Montana Reports, 62, (35 Pac. 226), and *Rumney Land & Cattle Co.* v. *Detroit & Montana Cattle Co.,* 19 Montana Reports, 557, (49 Pac. 395), when read together and compared the one with the other, illustrate the effect of such vacillation and change.    In the *Arnold* and *Bookwalter Cases* it was expressly held that affidavits filed in support of a motion for a new trial or for a change of venue need not be included in a bill, but became proper parts of the record on appeal when copies of them were certified by the clerk; the rule so declared was applicable under the court's interpretation of Section 438, *supra,* to appeals from all orders granting or denying motions based on affidavits. In the *Rumney Case* the defendant appealed from an order refusing to vacate a judgment by default; relying upon and conforming to the practice approved in the two former cases, the defendant brought up the affidavits in support of the motion to vacate by copies certified by the clerk, and the court, after stating that the governing statutes were substantially the same as the provisions of Section 438, *supra,* overruled the former cases on this question, declaring that the affidavits must be

stricken out because not included in a bill. We may remark, in passing, that in *Harrigan* v. *Lynch, supra,* the question whether a notice of intention must be in a bill or statement was reserved, and that this court did not in *Carr, Ryder & Adams Co.* v. *Closser* change the practice approved in *Arnold* v. *Sinclair, supra,* allowing the notice of intention to become part of the record by the clerk's certificate without other authentication,—the change resulted from the enactment of Section 1176, *supra,* which differs materially from Section 438, *supra.*

To illustrate the supposed impossibility of complying with the rule laid down in *Grinnell* v. *Davis,* it is argued that, if the notice of intention must be included in a statement on motion for a new trial or in a bill, it cannot be so included, and therefore cannot come before this court, where the motion is made upon affidavits only. To this a sufficient answer is that under the rule in *Rumney Land & Cattle Co.* v. *Detroit & Montana Cattle Co., supra, Beach* v. *Water Co., supra;* and *Cornish* v. *Floyd-Jones,* 26 Montana Reports, 153 (66 Pac. 838), the mode of presenting, on appeal to this court, affidavits used on the hearing in the district court, is by formal bill of exceptions; and that in this bill should be embraced (unless there is a waiver or an estoppel) the notice of intention, to the end that the court may be informed whether such notice states a ground to which the affidavits are responsive. If a new trial is refused, the party intending to appeal should cause its insertion; if a new trial be granted, the moving party should see that it is inserted in the bill proposed by his adversary. When the motion is made upon a bill or statement only, the bill or statement must be settled, certified and filed before the hearing and decision; when made upon affidavits only, the bill is necessarily taken at the time of the decision of the motion, or within such time thereafter as the law allows. True, a new trial order is deemed excepted to, and no bill of exceptions is required (Section 1151, Code of Civil Procedure) ; but the law as declared by the cases to which we have referred requires the affidavits to be set out in a bill in order to be part of the record, and *Grinnell* v. *Davis*

and the other cases cited require the notice of intention to move for a new trial to be made part of the record on appeal.

We are not persuaded that there are sufficient reasons for this court to change the practice. Let it remain as it is.

The order granting a new trial is reversed, and the cause remanded.

*Reversed and remanded.*

MR. JUSTICE MILBURN: I concur.

.THE CHIEF JUSTICE having, when a district judge, tried the action, does not take any part in this decision.