BORDEN, RESPONDENT, v. LYNCH, APPELLANT.

(No. 2,333.)

(Submitted November 9, 1906. Decided November 26, 1906.)

*Conversion — Record — Appeal — Evidence — Sufficiency — Mortgages — Cross-examination — Offer of Proof — Instructions.*

| 34 | 503 |
| 137 | 31 |
| f37 | 339 |
| 138 | 399 |
| 34 | 503 |
| 39 | 307 |

Trial—Amendments—Continuance—Judgment-roll.
1. Under sections 1151 and 1196 of the Code of Civil Procedure, an order permitting an amendment to the complaint and refusing a continuance, after the jury had been sworn, is a part of the judgment-roll.

Trial—Amendments—Continuance—District Courts—Discretion.
2. Applications for permission to amend a complaint after commencement of the trial, and for a continuance, are addressed to the discretion of the court.

Trial—Amendments—Continuance—Affidavits—Record.
3. Unless the affidavits embodying facts necessary to move the discretion of the court on applications for leave to amend a complaint after commencement of the trial, and for a continuance, are made part of the record by bill of exceptions, properly settled, they may not be considered on appeal.

Conversion—Damages—Evidence—Sufficiency—Appeal.
4. Where, in an action for damages for the conversion of personal property by a constable, the evidence, though conflicting as to the amount of damages sustained, would have warranted the jury in finding a much larger amount in favor of plaintiff than it did, the contention of defendant on appeal that the evidence was insufficient to sustain the verdict is without merit.

Same—Evidence—Fraud—Notes—Mortgages—Consideration—Appeal.
5. Where, in an action in conversion, there was no substantial evidence adduced tending to show that a note, and a mortgage given on the personal property in controversy to secure the former instrument had their inception in fraud and were not based on a consideration, although there were some inconsistencies as to the question of consideration, the verdict in favor of plaintiff will not be disturbed on appeal.

Appeal—Rulings on Evidence—Exceptions—Review.
6. Errors alleged to have been committed by the trial court in excluding offered testimony will not be considered on appeal, unless proper exceptions were reserved to the rulings or decisions complained of.

Conversion—Trial—Evidence—Cross-examination.
7. Plaintiff, in an action for damages for the conversion of certain personal property by defendant constable, testified that she was the owner of a mortgage on the property in question and a note secured thereby. On cross-examination she was asked what consideration she had given for the instruments. *Held,* under section 3376 of the Code of Civil Procedure, that, while the rule announced in said section should be extended rather than restricted, it should not be extended

to matters not connected with the subject matter upon which the examination in chief was had, and that therefore cross-examination, in this instance, as to consideration or other circumstances which resulted in the execution of the note and mortgage had been properly excluded.

Trial—Witnesses—Cross-examination—Parties.

8. The rule that the cross-examination of a witness should be confined to matters deposed to in chief applies to parties as well as to other witnesses.

Trial—Witnesses—Examination.

9. For the district court to refuse a witness permission to answer a question, which had once before been answered, objection having been interposed, is not error.

Conversion—Evidence—Mortgages—Fraud—Offer of Proof—Scope.

10. In an action by a chattel mortgagee to recover for the conversion of the property by an officer who had levied thereon, defendant offered to prove by the attaching creditor that the mortgagor had told him shortly before the execution of the mortgage that she intended to execute it to prevent her other creditors from levying on her property. *Held*, that such offer was properly rejected for failure to include a tender of proof that plaintiff was cognizant of the fraudulent intent of the mortgagor in encumbering her property or had aided in its accomplishment.

Same—Notes—Mortgages—Consideration—Burden of Proof—Instructions.

11. An instruction, given in an action to recover damages for the conversion of certain personal property seized by defendant constable, that a note secured by a mortgage imported a valuable consideration, and that the burden of showing the want of consideration rested upon the party seeking to invalidate it, correctly stated the law, even though the mortgage was given to secure an antecedent debt.

Same—Mortgages—Insolvency—Instructions.

12. The fact that a chattel mortgagor was insolvent at the time she executed a mortgage on property in controversy in an action for damages for conversion did not of itself render the transaction fraudulent and void as against an attaching creditor, since an insolvent person may lawfully pledge his property to obtain loans or to secure an antecedent debt; and an instruction telling the jury, in substance, that, if they found that the mortgage was supported by a valid consideration and given in good faith to secure a debt actually due, the fact that the mortgagor was insolvent at the time she gave the mortgage was not presumptive proof of its fraudulent character, was correct.

*Appeal from District Court, Deer Lodge County; Geo. B. Winston, Judge.*

ACTION by Kate Borden against D. Lynch. From a judgment for plaintiff and from an order denying him a new trial, defendant appeals. Affirmed.

*Mr. T. O'Leary,* for Appellant.

When a controversy arises concerning a mortgagee's rights under a mortgage, with anyone interested in questioning it, he is

bound to prove the amount and condition of his claim. If he has rights he has the means, possessed by no other person, of explaining them, and he is bound to do so. (2 Cobbey on Chattel Mortgages, secs. 756, 760; *Hughes* v. *Cory,* 20 Iowa, 399; *Wallach* v. *Wylie,* 28 Kan. 138; *Winstead* v. *Hulme,* 32 Kan. 568, 4 Pac. 994; *Smith* v. *National Ben. Soc.,* 123 N. Y. 85, 25 N. E. 197, 9 L. R. A. 616.) Misstatement of the amount due is an evidence of fraud. (2 Cobbey on Chattel Mortgages, secs. 783, 784, and cases cited; *Loomis* v. *Smith,* 37 Mich. 595; *Allen* v. *Kinyon,* 41 Mich. 281, 1 N. W. 863; *Olmstead* v. *Mattison,* 45 Mich. 617, 8 N. W. 555.)

The fact that just prior to the giving of the mortgage an attachment had been levied upon the property in question was a material fact in determining the intent with which the mortgage was made, and its exclusion was most prejudicial to the defendant, as it practically excluded any cross-examination of the mortgagor. It was material upon the question of the insolvency of the mortgagor at the time the mortgage was given. (*Eureka etc. Steel Works* v. *Brosnahan,* 66 Mich. 489, 33 N. W. 484; *O'Hare* v. *Duckworth,* 4 Wash. 470, 30 Pac. 725; *Landecker* v. *Houghtaling,* 7 Cal. 392; *Grimes* v. *Hill,* 15 Colo. 359, 25 Pac. 699; *Kalk* v. *Fielding,* 50 Wis. 339, 7 N. W. 296.)

The respondent's testimony having negatived that a consideration had passed, the rule that the defendant should show by the preponderance of the evidence the want of consideration did not apply to this case and was error to so charge. (*Small* v. *Clewley,* 62 Me. 155, 16 Am. Rep. 410.)

*Mr. J. H. Duffy,* and *Mr. W. H. Trippett,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Action for damages for the conversion of certain personal property by the defendant as constable of Anaconda township, Deer Lodge county.

Plaintiff states her cause of action in two counts. After alleging the official capacity of the defendant, the complaint sets out in the first cause of action, in substance, that on July 10, 1905, one Elizabeth Nichols executed a promissory note to the plaintiff for the sum of $850, payable one year after date with interest at the rate of one per cent per month, payable monthly; that, on the same day, to secure the payment of the same according to its terms, said Nichols executed and delivered to plaintiff a chattel mortgage upon certain personal property which was filed for record with the clerk and recorder of Deer Lodge county; that the plaintiff is the owner and holder of the note and mortgage, and that no part of said note has been paid; that, by the terms of the mortgage and note, the sum of $854.81 became and was due from the said Nichols to plaintiff on July 27, 1905; that on that date, in an action brought in the justice's court of Anaconda township, wherein one Barich was plaintiff and the said Nichols defendant, a writ of attachment was issued and placed in the hands of the defendant, who seized thereunder the property described in the mortgage and took it into his possession; and that he neither paid nor tendered to plaintiff the amount of her note with interest, nor deposited the amount thereof with the county treasurer, nor did he himself pay the amount thereof though requested so to do, and further refused upon demand to release the property from the attachment.

The second cause of action, in addition to these facts, alleges that it was provided by the terms of said mortgage that, if the said Nichols defaulted in the payment of the principal of said note or any interest thereon according to its terms, or if, prior to its maturity, the property described in the mortgage or any part thereof should be seized under attachment or execution at the instance of any creditor of said Nichols, then, in either event, the plaintiff should be entitled to the immediate possession of all of the property; that, on July 27, 1905, the property was seized and attached at the instance of one Barich, creditor of said Nichols; that by reason of the seizure the plaintiff be-

came and was entitled to the possession thereof; that before the commencement of this action the plaintiff demanded possession of the defendant, and that he refused to deliver the same. Both causes of action allege that the property was, at the date of the seizure, of the value of $884. Judgment is demanded for damages in that amount.

The answer admits the execution of the note and mortgage with the stipulations and conditions therein contained, and the seizure of the property by defendant at the instance of Barich, but denies every other material allegation in both causes of action. It alleges affirmatively that the note and mortgage were executed without consideration and for the purpose of hindering, delaying, and defrauding the creditors of said Nichols. There is issue by reply. The trial resulted in a verdict and judgment for the plaintiff. The defendant has appealed from the judgment and an order denying a new trial.

1. Contention is made that the court erred in permitting the plaintiff to amend her complaint after the jury were sworn, by adding an allegation, by interlineation, of the value of the property, and in refusing the defendant a continuance on the ground of surprise. There is nothing in the record to indicate upon what ground the defendant made his application for a continuance. We find in the record the order permitting the amendment and refusing the continuance. This is a part of the judgment-roll. (Code Civ. Proc., secs. 1151, 1196.) But the affidavits embodying facts necessary to move the discretion of the court, if such were presented and considered in support either of the amendment or of the motion for a continuance, are not incorporated in the record. Both applications were addressed to the discretion of the court, and, since there is nothing before us to enable us to say whether the court abused its discretion in either case, and the order is such as the court might have made, we cannot arbitrarily say that either ruling was erroneous.

Among the papers constituting the record we find an affidavit to which appellant refers as the showing upon which the application for a continuance was made. But it is not identified by bill

of exceptions and thus properly brought into the record as should have been done. It, therefore, may not be looked to for any purpose. Such matters can be made a part of the record only by bill of exceptions, properly settled. (*Carr, Ryder & Adams Co.* v. *Closser et al.*, 27 Mont. 94, 69 Pac. 560.)

2. Contention is made that the evidence is insufficient to justify the verdict. The amount of the damages found by the jury was $350. While the evidence is conflicting on this issue, the jury would have been warranted in finding a much larger sum.

Touching the issue of fraud and want of consideration to support the note and mortgage, it is sufficient to say that there is no substantial evidence tending to show that the mortgage and note had their inception in fraud, and that, while there are some inconsistencies in the statements of the plaintiff and Elizabeth Nichols as to the amount of money advanced to the latter to secure the payment of which the mortgage was given, the evidence is sufficient to justify a finding that the note was given for the amount which was actually advanced before it and the mortgage were executed. We may not, under this condition of the evidence, disturb the finding of the jury.

3. Error is alleged upon many rulings made in excluding evidence offered by the defendant. In most instances counsel failed to reserve an exception to the particular ruling, as provided by section 1150 of the Code of Civil Procedure. For this reason such alleged errors may not be considered. We have examined all of those to which exceptions were properly reserved. In none of them do we find that the defendant suffered prejudice. For illustration: The plaintiff, being sworn as a witness, identified the mortgage and note, stated that she was the owner of them and that the defendant had not deposited the amount of the note with the county treasurer for her nor paid the same to her. On cross-examination she was asked for what consideration the note and mortgage had been given. Upon objection of her counsel, on the ground that it was not proper cross-examination, she was not permitted to answer. Being a party and having

offered herself as a witness, the defendant insisted that he had a right to cross-examine her as to all the circumstances connected with the execution of the note and mortgage, including the consideration.

The general rule in this country is that a witness may be cross-examined as to anything testified to by him in chief or connected therewith, but not as to other matters. (Code Civ. Proc., sec. 3376; 3 Jones on Evidence, sec. 820; *Kipp* v. *Silverman*, 25 Mont. 296, 64 Pac. 884; *Braly* v. *Henry*, 77 Cal. 324, 19 Pac. 529; *McFadden* v. *Mitchell*, 61 Cal. 148; *Youmans* v. *Carney*, 62 Wis. 580, 23 N. W. 20; *Bell* v. *Prewitt*, 62 Ill. 361; *Houghton* v. *Jones*, 1 Wall. 702, 17 L. Ed. 503.) While the rule should be extended rather than restricted in its application, it may not be extended to include matters clearly not connected with the subject matter upon which examination in chief was had. The plaintiff having been asked only as to whether she was the owner of the note and mortgage, it was not proper on cross-examination to go into questions of consideration or other circumstances connected with the transaction which resulted in their execution, either on the ground that such matters were part of the *res gestae,* or that they were connected with matters deposed to in chief. (*Youmans* v. *Carney, Bell* v. *Prewitt, Braly* v. *Henry, McFadden* v. *Mitchell, supra.*) The rule applies as well to parties as to other witnesses. (*Hansen* v. *Miller,* 145 Ill. 538, 32 N. E. 548; *State* v. *Schnepel,* 23 Mont. 523, 59 Pac. 927.)

The plaintiff was asked during her examination by defendant whether, when the mortgage and note were made, she did not know that an attachment had theretofore been levied upon the property by another creditor of Nichols. She answered that she did not. The question being repeated, she was not permitted to answer, counsel objecting that the matter sought to be brought out was immaterial. There was no error in this ruling. If the question was proper, it had already been answered. No advantage was to be obtained by a repetition.

Barich, the attaching creditor, introduced by the defendant, was asked if Nichols had not told him, a short time prior to the execution of the mortgage, that she intended to execute such mortgage, for the purpose of preventing her other creditors from levying on her property. Upon objection this evidence was excluded. Thereupon defendant offered to prove, in substance, by this witness, that just before the mortgage and note were given, Nichols had told him that she was about to give the mortgage to prevent other parties from levying upon her property, but that it was not her intention to defeat any claim he might have against her. The offered evidence was excluded and exception reserved. The offer was not broad enough. While the declarations of Nichols were competent to show her fraudulent intent in encumbering her property (Wigmore on Evidence, sec. 1086, par. 5), they could not affect the rights of plaintiff in the absence of proof that plaintiff was cognizant of her intent or aided her in its accomplishment. There was no proof of such knowledge on the part of the plaintiff, and, since the offer did not include a tender of such proof, the exclusion of the evidence was not prejudicial to the defendant. The right of the plaintiff could not be affected by any fraudulent intent entertained by Nichols, unless it appeared that she had knowledge of that fraudulent intent or aided the defendant in its accomplishment.

4. Among other instructions to the jury, the court submitted the following: "No. 5. The note set out in the complaint and introduced in evidence imports a valuable consideration, and it devolves upon the defendant in order to overthrow the note or mortgage for the lack of a consideration to show that fact by a preponderance of the evidence introduced in the case on that issue, and, if there was a valuable consideration for the note and mortgage, then the note and mortgage in that respect are valid, at least to the extent of the amount of the consideration, notwithstanding Mrs. Nichols may, at the time of their execution, have been indebted to other persons, or may have been insolvent." It is said that this instruction embodies an

erroneous statement of the law, in that it casts upon the defendant the burden of showing that the note and mortgage were *without* consideration. *There is no merit in this contention.* The writings themselves imported a consideration (Civil Code, sec. 2169), and "the burden of showing a want of consideration sufficient to support an instrument lies with the party seeking to invalidate or avoid it" (Civil Code, sec. 2170).

But it is said that Nichols, the mortgagor, and the plaintiff having admitted that no money actually passed between them at the time of the execution of the mortgage, a case was presented that relieved the defendant of this burden, and that, under the facts of this case, the burden rested upon the plaintiff to show a valid consideration. The proof tended to show that, for some time prior to the execution of the mortgage, the plaintiff had been advancing money to Nichols; that during March, 1905, Nichols secured additional loans amounting to $410 from the plaintiff in order to enable her to purchase the property involved in this controversy from Barich and to make a payment of rent, and that, at the time she obtained the last sums, she agreed to execute the note and mortgage upon the property, to secure, not only the sums then advanced, but the sums theretofore advanced, but that the execution of them had been delayed by an unexpected absence from the state, so that the mortgage was in fact executed to secure the payment of an antecedent debt. The statute, however, declares the rule and must govern. If the defendant obtained the required proof from the plaintiff or her witnesses, to this extent he was fortunate in that he was relieved from the necessity of calling witnesses, but, nevertheless, the burden rested upon him to establish this affirmative allegation from some source. So far as concerns this portion of the instruction, we think it a correct statement of the law applicable, and that defendant has no cause to complain.

But it is said that the latter part of the instruction excluded from the jury's consideration the fact that, at the time the note and mortgage were executed, the mortgagor, Nichols, was insolvent. This contention has no merit. The fact that she was

insolvent, if such were the case, did not, in itself, render the transaction fraudulent and void as to the attaching creditor. An insolvent person may lawfully pledge his property to obtain loans or to secure an antecedent debt, and, if the creditor acts in good faith, he may not be deprived of the preference thus given him over other creditors, on the ground that his debtor was insolvent at the time. The effect of the instruction is not to exclude from the consideration of the jury the fact that the mortgagor was at the time of the execution of the mortgage insolvent, but rather, in view of the other instructions submitted, to tell them that, if they found that the mortgage was supported by a valid consideration and given in good faith to secure a debt actually due, the fact that the mortgagor was insolvent at the time was not presumptive proof that it was fraudulent. We think the instruction states the law correctly in this respect.

There being no error in the record, the judgment and order must be affirmed. It is so ordered.

*Affirmed.*

MR. JUSTICE HOLLOWAY concurs.

MR. JUSTICE MILBURN, not having heard the argument, takes no part in the foregoing decision.