[Civ. No. 8819. Second Appellate District, Division Two.—May 17, 1933.]

F. A. McCLUNG, Respondent, v. EDWIN L. CAMP et al., Appellants.

W. L. Pollard and H. E. Gleason for Appellants.

Carson B. Hubbard for Respondent.

STEPHENS, J.—This is a motion under Rule V, section 3, of the Rules for the Supreme Court and District Courts of Appeal to dismiss the appeal or affirm the judgment upon the ground that the appeal was taken for delay only.

The plaintiff was the sole payee of a promissory note and took the stand on his own behalf and testified

that he owned the note, that the defendants, the makers on the note, executed it, and as to the balance due and unpaid. Defendants asked on cross-examination: "Mr. McClung, did you or Mrs. McClung give anything of value to the defendants or either of them, for the promissory note which has just been introduced in evidence?" Plaintiff objected on the ground that the question was incompetent, irrelevant and immaterial. The court added the objection that it was not cross-examination and sustained his own objection. Defendants took no other action in the trial and appeal upon the one ground that the court's ruling was error.

The court was right upon the simplest rules governing cross-examination—there was nothing asked and no action had been taken to which this question was a proper inquiry. The note is admitted by the pleadings and it needed no testimony beyond its introduction, and the answer to the question was therefore properly excluded. (2 Cal. Jur., sec. 477.) The answer pleaded no consideration, but this was a matter of defense. (*Mitchell* v. *Excelsior Water & Min. Co.*, 41 Cal. App. 240 [182 Pac. 326]; *Braly* v. *Henry*, 77 Cal. 324 [19 Pac. 529].) Even if the appellants are right in all that they claim, they are in no better position. A trial at law is no mere play of wits. Every attorney is an officer of the court and must be frank with the court. If appellants had any proof to support their allegation that the note lacked consideration it was their duty to have offered it. If they thought the plaintiff could aid them they could have called the plaintiff to the stand and under the terms of section 2055 of the Code of Civil Procedure could have had every advantage of cross-examination.

Judgment affirmed.

Works, P. J., and Craig, J., concurred.