RUMNEY LAND AND CATTLE COMPANY, RESPONDENT, *v.* DETROIT AND MONTANA CATTLE COMPANY, APPELLANT.

Decided March 24, 1897.

*Appeal from an Order—Presumption—Practice—Record.*

APPEAL FROM AN ORDER—*Presumption.*—On an appeal from an order, the presumption is that the order was properly granted, unless the contrary appears from the record.

SAME—*Record on Appeal.*—On an appeal from an order, except when the code otherwise provides, the order, and the paper and evidence upon which the order was granted, should be incorporated in a bill of exceptions, for the purpose of identifying the same.

*Appeal from district court, Cascade county.* *C. H. Benton, Judge.*

ACTION by the Rumney Land & Cattle Company against the Detroit & Montana Cattle Company, in which there was a judgment by default in favor of plaintiff. From an order denying a motion to set aside the default and judgment, defendant appealed. Plaintiff moves to strike from the transcript defendant's answer, and certain affidavits filed before the hearing of said motion. Motion granted.

Statement of the case by the justice delivering the opinion.

The transcript on appeal contains the following papers: (1) A complaint filed April 14, 1896; (2) a summons showing personal service on April 17, 1896; (3) the entry of a default by reason of defendant's failure to answer within the time prescribed by law—on June 2, 1896; (4) a decree signed August 19, 1896; (5) notice of motion and a motion to set aside the default and judgment on the ground of a mistake and excusable neglect, filed on October 2, 1896; (6) an answer marked "Filed on Oct. 2d, 1896;" (7) certain affidavits filed prior to the hearing of the motion; (8) order denying motion, dated November 9, 1896; (9) notice of appeals, etc.

The certificate of the clerk of the district court in the transcript is as follows:

"I hereby certify that the foregoing is a full, true, and correct copy of the proceedings had in the case in which the Rumney Land and Cattle Company is plaintiff and the Montana Cattle Company is defendant [enumerating the papers mentioned], and that this certificate is made after comparing the foregoing transcript with the original documents on file in my office."

The appeal is from the order denying the motion to set aside the default and judgment.

*Toole & Wallace*, for Appellant.

*Clayberg, Corbett & Gunn*, for Respondent.

BUCK, J.—Respondent moves to strike from the transcript the answer of appellant and the affidavits. The ground for the motion is that there is no identification of these papers for the purpose of showing that they were used on the motion to set aside the default and judgment.

On appeal every presumption in favor of its correctness attaches to a decision or order of the district court. Hence it is incumbent on the appellant to show wherein any error has been committed by the lower court. The transcript must show the error directly, not by way of inference or presumption. If it is necessary to consider the evidence on which an order is based, to determine whether or not error has been committed, that evidence, properly authenticated and properly identified as having been used or as having been before the court at the time it made its order, must be in the record, or a motion to dismiss the appeal so far as any such evidence is concerned must be granted. On the same principle, a motion to strike from a transcript unauthenticated or unidentified matter must also prevail.

The certificate of the clerk, so far as it authenticates the affidavits asked to be stricken out as true copies of the originals on file in the lower court, is sufficient, under section 1739, Code Civil Procedure, 1895. The answer of appellant, possibly tendered in the lower court when the motion to set aside the default was made, could not even have been a record of the lower court, for the date of the filing marked on it is subsequent to the date of the final judgment or decree. If it was tendered on the theory that it should be filed in the event of the default being set aside, clearly the clerk had no authority to mark it "Filed" at the date of such tender. He might properly have marked it "Filed for the purposes of the motion to set aside the default," but he should not have marked it filed as a record in the action.

It has been decided in this court in a recent case (*State* v. *Millis*, 48 Pac. 773) that under section 1739, *supra*, a clerk cannot certify evidence, oral or written, as having been before the court, or as having been the only evidence before it, on the hearing of a motion for an order after final judgment. This is the law under the Code of Civil Procedure of 1895. If the case of *Bookwalter* v. *Conrad*, 14 Mont. 61, 35 Pac. 226, and the previous Montana cases cited therein as authority, conflict with this rule, they must give way to it. These last-mentioned decisions were prior to the adoption of the Codes of 1895; and although section 438, Code Civil Procedure, 1887, under which they were determined, is substantially the same as sections 1737, 1739, Code Civil Procedure, 1895, nevertheless we do not think that a proper distinction was drawn between the clerk's certificate, as simply authenticating papers in a transcript as true copies of the originals on file, and the proper method of identifying them as evidence used on the hearing before the court. Many of the earlier Montana decisions adhered to this distinction, and many decisions of the supreme court of California could be cited to show it.

This brings us face to face with the question, what is the proper method, on appeal from an order—when the respective attorneys have not certified to a transcript, or the statutes have not provided another mode—of identifying the evidence, oral or written, before the lower court on the hearing of the motion for the order?

This court intimated in *State* v. *Millis* that it was inclined to follow the view of the law entertained by Justice Works (with whom concurred Justices Fox and McFarland) in the case of *Somers* v. *Somers*, 81 Cal. 608, 22 Pac. 967. After careful consideration, we now adopt that view.

Under the Code of Civil Procedure of 1895, on appeal from an order the only proper mode of bringing up for consideration the evidence relied on, whether oral or written, used or before the court on the hearing of the motion of the order, is by a bill of exceptions; and unless such evidence has

been included in, and made a part of, the record by bill of exceptions taken in pursuance of, and prescribed in, said Code, it is not, and cannot be, considered as properly identified on appeal.   Of course, the general rule does not govern cases where the code authorizes another mode, as, for example, an order on a motion for a new trial.

The supreme court of California, under statutes similar to the present statutes of Montana, had for some time held that the judge of the lower court could by his certificate identify the evidence used or before him on the hearing of the motion.   In *Arnold* v. *Sinclair*, 12 Mont. 248, 29 Pac. 1124, cited in *Bookwalter* v. *Conrad*, *supra*, the court apparently approved of such a practice.   But Justice Works, in *Somers* v. *Somers*, *supra*, clearly shows that the only mode provided in the codes of California (whose provisions on the subject are substantially the same as those of Montana) for such identifications is by a formal bill of exceptions.   We quote this applicable language from Justice Words' opinion, on page 613, 81 Cal., and page 968, 22 Pac. :

''It is well said that counsel and their clients should be protected where they have followed the practice approved by this court, and we acknowledge the force of the suggestion. Strangely enough, courts of justice are expected to perpetuate their errors, instead of correcting them. There is a legitimate reason for this in some cases; for example, where property rights have grown up under a decision which is subsequently ascertained to have been erroneous. But such a doctrine has no application to decisions affecting mere questions of practice. If the matter were one which could be controlled by rules of law, and was not governed by positive law, we should be in favor of adopting a rule that hereafter all cases must be presented by bill of exceptions, but that cases now pending should not be affected thereby. But, as we do not believe that this court has any authority to regulate the mode of presenting papers on appeal where one is provided for by statute, we feel constrained to dismiss the appeal on the ground that the papers could only be presented to this court by bill of exceptions.''

We believe it is well to settle this question of practice as soon as possible in this state under its new code, and that, in laying down the rule as we have stated it, many otherwise possible snarls in practice will hereafter be avoided.

The motion to strike from the record the answer and affidavits asked to be stricken from it, is granted.

PEMBERTON, C. J., and HUNT, J., concur.