CONKLIN, APPELLANT, v. CULLEN, RESPONDENT.

(No. 1,657.)

ON MOTION TO STRIKE.

(Submitted April 1, 1901.   Decided April 8, 1901.)

*Appeal — Record — Evidence — Authentication — Stenographer's Certificate—Stipulation of Counsel.*

1. Under the provisions of the Code of Civil Procedure of 1895, neither the certificate of the court stenographer, nor the stipulation of counsel can perform the office of the certificate of the judge to preserve and authenticate the evidence for the purposes of an appeal.

2. Under Code of Civil Procedure, Secs. 1736, 1196, the evidence heard at the trial is no part of the judgment roll so as to be included in the record on appeal, unless incorporated in a bill of exceptions or statement settled by the judge or referee before whom the trial takes place, hence a copy of the stenographer's report of evidence, not included in any bill of exceptions or statement settled by the judge, identified merely by the stenographer's certificate, and accompanied by a stipulation of counsel that such statement contains all the evidence, but without waiver of any right to object to the evidence as not being a part of the record, must be stricken from the record on motion, as it could only be made a part of the record under Code of Civil Procedure, Secs. 1150-1158, relating to the making of bills of exceptions, or under Secs. 1170-1176, providing the method for obtaining a new trial.

*Appeal from District Court, Lewis and Clarke County; Henry C. Smith, Judge.*

ACTION by S. L. Conklin against W. E. Cullen. Judgment for defendant, and plaintiff appeals. Motion to strike part of the transcript as not part of the record. Granted.

*Mr. A. I. Loeb,* for Appellant.

*Messrs. Cullen, Day & Cullen,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the Court.

This is an appeal from a final judgment. The transcript filed in this Court contains what appears to be a copy of the

stenographer's report of the evidence submitted at the trial. This is not included in any bill of exceptions or statement of the case settled and allowed by the judge who tried the cause. The only identification accompanying it is a certificate by the stenographer that it is a true, correct and complete transcript of his shorthand notes of all the testimony introduced at the trial, and the following stipulation by counsel: "We, the undersigned, counsel for the plaintiff and defendant, hereby stipulate that the above and foregoing record contains all of the evidence introduced in the said action, and all of the proceedings had and done therein, and is a correct transcript thereof, without waiver, however, of any right to object to the evidence as [not] being a part of said transcript and record." The respondent has submitted a motion asking that this part of the transcript be stricken out as being no part of the record on appeal. The motion must be sustained.

"On an appeal from a final judgment, the appellant must furnish the court with a copy of the notice of appeal, of the judgment roll, and of any bill of exceptions or statement in the case, upon which the appellant relies. Any statement used on motion for a new trial may be used on appeal from a final judgment equally as upon appeal from the order granting or refusing a new trial." (Section 1736, Code of Civil Procedure.) Subdivision 1 of Section 1196 of the same Code provides what the judgment roll shall contain in case of judgments entered on default. Under subdivision 2 of the same section it must contain: "In all other cases, the pleadings, a copy of the verdict of the jury, or finding of the court, or referee, all bills of exceptions taken and filed, all orders, matters and proceedings deemed excepted to without bill of exceptions, and a copy of any order made on demurrer, or relating to a change of parties, and a copy of the judgment. If there are two or more defendants in the action, and any one of them has allowed judgment to pass against him by default, the summons, with proof of its service upon such defendant, must also be added to the other papers mentioned in this subdivision."

From these provisions it is apparent that the evidence heard at the trial is no part of the judgment roll so as to be included in the record on appeal. It can be made so only under the provisions of Sections 1150 to 1158 of the Code of Civil Procedure, touching the taking and preserving of bills of exceptions, or under Sections 1170 to 1176 of the same Code, providing the method of obtaining a new trial. In either case the bill or statement is necessary to present assignments of error upon the admission or exclusion of evidence, or the question of the insufficiency or want of evidence to sustain the verdict of decision. In each case the bill or statement (as the case may be) must be settled by the judge or referee before whom the trial takes place. Without this authentication, it will be stricken out or disregarded, as forming no part of the record on appeal. (*Raymond* v. *Thexton,* 7 Mont. 299, 17 Pac. 258; *McLeod* v. *Dickenson,* 11 Mont. 438, 28 Pac. 551; *Barber* v. *Briscoe,* 8 Mont. 214, 19 Pac. 589; *State* v. *Shepphard,* 23 Mont. 323, 58 Pac. 868.) The provisions of the Code cited are substantially the same as those of the Compiled Statutes of 1887, and the rule as stated has been invariable in this state. The certificate of the stenographer cannot perform the office of the certificate of the judge (*State* v. *Shepphard, supra*); nor is there any provision of law by which counsel may stipulate that the bill of exceptions or statement of the case is correct, so as to make it a part of the record. This could be done under a provision of the old Code of Civil Procedure in case of a statement on appeal (Compiled Statutes of 1887, First Division, Sec. 436), but this provision is omitted from the present Code (*Harding* v. *McLaughlin,* 23 Mont. 334, 58 Pac. 865). Under the present Code, counsel may stipulate as to the correctness of the copies contained in the record on appeal; that is, they may substitute their stipulation for the certificate of the clerk, which would otherwise be required, that the transcript contains correct copies of the papers in the custody of the clerk. (Code of Civil Procedure, Sec. 1739.) But such stipulation may not be substituted for the certificate of the

judge, where such certificate is required to authenticate any part of the record of the trial.

There is nothing in *Emerson* v. *Eldorado Ditch Co.,* 18 Mont. 247, 44 Pac. 969, to support the view that the evidence in this case became a part of the judgment roll as an agreed statement of facts. In that case, as in this, there was no conflict in the evidence, and it was held that the ruling of the trial court thereon presented a question of law only, which could be reviewed on appeal from the judgment. It must not be overlooked, however, that the evidence was there made a part of the judgment roll by a bill of exceptions; though, from a careless reading of the opinion, one might conclude that this was not deemed necessary. Where there is no conflict in the evidence, there is presented a question of law, and the trial court acts upon it as upon an agreed statement of facts; but the correctness of its judgment thereon cannot be reviewed by this Court, unless the evidence is preserved and authenticated under the provisions of the Code cited *supra*. The only exception to this rule is in cases where the parties agree upon the facts, and submit them to the court for a decision, under Section 1117 of the Code of Civil Procedure. The agreed statement, then, has the force of a special verdict or finding of fact, and becomes a part of the judgment roll, under Section 1196, *supra*.

While the stipulation of counsel, quoted above, would have the effect of a certificate of the clerk as to the correctness of the transcript of the papers on file in his office, it cannot have the force of the certificate by the judge to preserve and authenticate the evidence for the purposes of an appeal.

It is therefore ordered that all that part of the transcript which purports to be a copy of the evidence submitted at the trial be stricken out.

*Motion granted.*