## CORNISH ET AL., APPELLANTS, v. FLOYD-JONES, RESPONDENT.

(No. 1,377.)

(Submitted November 18, 1901. Decided December 9, 1901.)

### *Appeal—Record—Review.*

Code of Civil Procedure, Sec. 1737, provides that, on appeal from an order, except one granting or refusing a new trial, the appellant must furnish a copy of the notice of appeal, of the judgment or order appealed from, and of papers used on the hearing below. On appeal from an order denying an

(153)

application to have certain loans declared preferred claims against an insolvent bank, the only papers found in the transcript, besides a copy of the notice of appeal, were a copy of the petition, and of an affidavit to support it, neither of which was identified by bill of exceptions as the papers used on the hearing, a copy of the order of the court denying the petition, and a copy of the opinion of the court setting forth the reasons for its actions. *Held,* that such opinion and the unidentified petition and accompanying affidavit could not be considered, so that the transcript was insufficient to show any error, as the only papers before the court were the notice of appeal and copy of the order.

*Obiter.* Under Section 1739, Code of Civil Procedure, counsel have no authority to certify the papers as those used, or the only ones used, on the hearing.

*Appeal from District Court, Lewis and Clarke County; S. H. McIntire, Judge.*

ACTION by F. E. Cornish and others against R. H. Floyd-Jones (Substituted for A. J. Steele), receiver of the National Loan & Savings Union. From an order denying an application to have certain loans declared preferred claims, plaintiffs appeal. Affirmed.

*Mr. C. W. Wiley,* for Appellants.

*Mr. T. J. Walsh,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

It is not clear from the record filed in this court what is the nature of the proceeding in the district court which gave rise to this appeal. From the statement of the case made in appellants' brief, however, we gather that in August, 1898, a suit was brought by stockholders or creditors of the National Loan & Savings Union, a corporation organized under the laws of Montana authorizing building and loan associations, to have the corporation declared insolvent, and to adjust its affairs through the agency of a receiver. The title of that cause is not made to appear. The papers in the transcript before us are entitled, "In the Matter of the Receivership of the National Loan & Savings Union, A. J. Steele, Receiver." Upon the cover of the transcript and in the brief filed ·by appellants'

counsel we find the title, "*F. E. Cornish et al.* v. *A. J. Steele, Receiver of the National Loan & Savings Union.*" In a supplemental brief of counsel he has used the title, "*F. E. Cornish et al.* v. *R. H. Floyd-Jones, Receiver.*" We have adopted this latter title, for the reason that since the appeal was filed in this court, R. H. Floyd-Jones was substituted, on suggestion of counsel, for A. J. Steele as defendant and respondent. Nothing appears from the papers filed at the time the suggestion was made, however, to aid us in any way to understand the nature of the proceeding in the district court.

As we gather it from the transcript, it seems that the appellants made an application to the district court by petition filed in the cause above mentioned against the corporation whose affairs are in course of adjustment by Floyd-Jones as receiver (who has been substituted in place of A. J. Steele since this appeal was taken), for the purpose of having certain alleged loans made by the petitioners to the corporation declared preferred claims, and for an order directing the receiver to pay them in full out of the funds first coming into his hands. This appeal is from an order denying the application.

Without stopping to consider other matters of practice called to our attention by counsel for the receiver as conclusive of the appeal, we must affirm the order on the ground that the transcript does not make it appear that the district court committed error. Section 1737 of the Code of Civil Procedure provides: "On appeal from an order, except an order granting or refusing a new trial, the appellant must furnish the court with a copy of the notice of appeal, of the judgment or order appealed from, and of papers used on the hearing in the court below." The only papers found in the transcript, besides a copy of the notice of appeal, are a copy of the petition referred to, of an affidavit apparently used to support the allegations of the petition, of the order of the district court denying it, and of the opinion of the court setting forth the reasons for its action. The opinion is no part of the record on appeal, and cannot be resorted to for any purpose. (*Menard* v. *Montana Central*

*Railway Co.,* 22 Mont. 340, 56 Pac. 592.)    The affidavit and petition are not identified by bill of exceptions embodying them as the papers used on the hearing.    We therefore have no means of knowing that they were so used, either alone or in connection with others.    For aught that appears, the allegations of the petition may have been controverted, and evidence introduced by the parties to sustain the issues thus made.    It was said by this court in *Rumney Land & Cattle Co.* v. *Detroit & Montana Cattle Co.,* 19 Mont. 557, 49 Pac. 395: "On appeal every presumption in favor of its correctness attaches to a decision or order of the district court.    Hence it is incumbent on the appellant to show wherein any error has been committed by the lower court.    The transcript must show the error directly, not by way of inference or presumption."    In the same case, in construing Section 1737, *supra,* the court held that the only mode of presenting the papers used upon hearing in the district court is by formal bill of exceptions.

It was said in *State ex rel. Pierson* v. *Millis,* 19 Mont. 444, 48 Pac. 773, that on appeal from an order the papers used on the hearing might also be identified by a certificate of counsel, under Section 1739.    This view seems to have been approved in *Rumney Land & Cattle Co.* v. *Detroit & Montana Cattle Co., supra,* and also in the later case of *Beach* v. *Spokane Ranch & Water Co.,* 25 Mont. 367, 65 Pac. 106.    In none of these cases however, was the extent of the authority of attorneys under Section 1739 before the court for consideration.    The statements in them were made in the course of the argument by way of illustration.    We take occasion now to say that we doubt whether that section is susceptible of the construction assumed in these cases to be proper.    We think the authority given by it extends no further than to permit counsel by their certificate to obviate the necessity of a certificate by the clerk as to the correctness of the copies contained in the transcript.    As was held in the first two cases cited, the clerk may not certify the papers as those used, or the only ones used, on the hearing. Neither, in our opinion, may the attorneys do so.    We shall

therefore not feel bound by these cases when the point properly arises. In the present case the. papers used on the hearing of the motion were not identified in any way.

The only papers before us, therefore, are the copy of the order and of the notice of appeal; and, it not being made to appear that any error was committed in the making of the order, it is affirmed.

*Remittitur* forthwith.

*Affirmed.*