EMERSON, APPELLANT, v. McNAIR ET AL., RESPONDENTS.

(No. 1603.)

(Submitted June 16, 1903.   Decided July 24, 1903.)

*Appeal — Appellate Jurisdiction — Statutory Regulations —
Appeal from Order Setting Aside a Default Judgment—
Record—Certification of Papers.*

1.  The constitution grants appellate jurisdiction to the supreme court, to be exercised under "such regulations and limitations as may be prescribed by law ;" substantial compliance with the provisions of the statutes governing appeals is necessary to give. the supreme court the right to exercise such jurisdiction.

2.  Under Code of Civil Procedure, Section 1737, which provides that on appeal from an order, except an order granting or refusing a new trial, "the appellant must furnish the court with a copy of the notice of appeal, of the judgment or order appealed from, and of papers used on the hearing in the court below," on appeal from an order setting aside a default judgment, the judgment roll as such is not properly a part of the record.

3  . Code .of Civil Procedure, Section 1737, provides that on appeal from an order, except an order granting or refusing a new trial, the appellant must furnish a copy of the notice of appeal, of the judgment or order appealed from, and of papers used on the hearing.   Section 1739 declares that "the copies provided in the last three sections must be certified as correct by the clerk or attorneys."   *Held* that, on appeal from an order setting aside a default judgment, the only method by which the papers used by the court below on the hearing can be certified to the supreme court as the papers used on the hearing is by incorporating the same in the bill of exceptions.

4.  Where the bill of exceptions recited that the records and files of the action were offered and used on the hearing, but neither the complaint, summons, motion for cost bond, nor the proposed answer was incorporated ˙therein, these papers were not properly before the court.

*Appeal from District Court, Cascade· County; J. B. Leslie,
Judge.*

ACTION by Katherine Emerson against B. P. McNair and others.   From an order setting aside defendants' default, plaintiff appeals.   Appeal dismissed.

*Mr. George H. Stanton,* for Appellant.

*Messrs. Downing & Stephenson,* and *Mr. Ransom Cooper,*
for Respondents.

MR. COMMISSIONER CLAYBERG prepared the opinion for the court.

This is an appeal from an order setting aside a judgment taken against the defendants by default.

After a hearing of the appeal it appeared to the court, from an examination of the record, that certain important points involved in the case had not been noticed by counsel, either in their briefs or argument. The court thereupon submitted eight questions for reargument, among which was the following: "Are all of the records and papers necessary to the hearing of this appeal in the record, and, if so, are they brought up in the proper manner?" All the questions which were thus submitted were argued by counsel with zeal and ability, but, under our view of the case, none of such questions can be considered by this court, except the one above quoted.

The Constitution grants appellate jurisdiction to the supreme court, to be exercised under "such regulations and limitations as may be prescribed by law." (Constitution, Art. VIII, Secs. 2, 3 and 15.) In pursuance of this grant, and as furnishing methods for the exercise of the jurisdiction granted, the legislature has enacted statutes providing how appeals may be taken, determining of what the record on such appeal shall consist, and how such records shall be certified to this court. Substantial compliance with these provisions is necessary to give this court the right to exercise the jurisdiction granted. (*Featherman v. Granite County,* 28 Mont. 462, 72 Pac. 972.)

Therefore a brief reference to some of these statutory provisions, as to the contents of the record on appeal, and how it must be certified to this court, is important.

Section 1736, Code of Civil Procedure, provides that, on an appeal from a final judgment, "the appellant must furnish the court with a copy of the notice of appeal, of the judgment roll, and of any bill of exceptions or statement in the case, upon which the appellant relies."

Section 1738 provides that, on an appeal from an order granting or refusing a new trial, "the appellant must furnish the

court with a copy of the notice of appeal, of the order appealed from, and of the papers designated in Section 1176 of this Code."

Section 1176 provides: "The judgment roll, and the affidavits, or bill of exceptions or statement, as the case may be, used on the hearing, with a copy of the order made, shall constitute the record to be used on appeal from the order granting or refusing a new trial."

Section 1737 provides that, on appeal from an order except an order granting or refusing a new trial, "the appellant must furnish the court with a copy of the notice of appeal, of the judgment or order appealed from, and of papers used on the hearing in the court below."

This court has held that, upon an appeal which requires the judgment roll to be a part of the record, such judgment roll must be certified up as an entity, and that it is not sufficient that all or any part thereof be copied in a bill of exceptions or statement on motion for a new trial, although such bill of exceptions or statement is contained in the record on appeal. (*Featherman* v. *Granite County,* 28 Mont. 462, 72 Pac. 972.)

The case at bar is an appeal from an order other than one granting or refusing a new trial. The statute does not require the judgment roll as such to be made a part of the record on such appeal, and therefore it is not properly a part thereof. The statute provides that the record upon such an appeal shall consist of "a copy of the notice of appeal, the judgment or order appealed from, and of the *papers* used on the hearing in the court below."

Section 1739 provides that "the copies provided for in the last three sections must be certified to be correct by the clerk or the attorneys."

The statute does not seem to provide any specific method for certifying to this court the fact as to what papers were "used on the hearing in the court below." This court has, however, said, "The district court clerk had no authority, under Section 1739, to certify what evidence, documentary or oral, the court

had before it on the hearing of the motion" (*State ex rel. Pierson* v. *Millis,* 19 Mont. 444, 48 Pac. 773) ; and in the case of *Rumney Land & Cattle Co.* v. *Detroit & Montana Cattle Co.,* 19 Mont. 557, 49 Pac. 395, this court uses the following language : "Under the Code of Civil Procedure of 1895, on appeal from an order, the only proper mode of bringing up for consideration the evidence relied on, whether oral or written, used or before the court on the hearing of the motion for the order, is by a bill of exceptions; and unless such evidence has been included in, and made a part of, the record, by bill of exceptions taken in pursuance of, and prescribed in, said Code, it is not, and cannot be, considered as properly identified on appeal."

In *State ex rel. Pierson* v. *Millis, supra, Rumney Land & Cattle Co.* v. *Detroit & Montana Cattle Co., supra,* and *Beach* v. *Spokane Ranch & Water Co.,* 25 Mont. 367, 65 Pac. 106, it was stated by the court, by way of argument merely, that the papers used by the court below might be identified by the certificate of counsel. This court, however, considered the correctness of these statements in the case of *Cornish* v. *Floyd-Jones,* 26 Mont. 154, 66 Pac. 838, and used the following language : "We take occasion now to say that we doubt whether that section (1739, Code Civ. Proc.) is susceptible of the construction assumed in these cases to be proper. We think the authority given by it extends no further than to permit counsel by their certificate to obviate the necessity of a certificate by the clerk as to the correctness of the copies contained in the transcript. As was held in the first two cases cited, the clerk may not certify the papers as those used, or the only ones used, on the hearing. Neither, in our opinion, may the attorneys do so. We shall therefore not feel bound by these cases when the point properly arises." The point arises directly in this case, and we apply the doctrine here announced.

We are therefore of the opinion that, on appeal from an order like the one at bar, the only method by which the papers used by the court below on the hearing may be certified to this

court as the papers used on the hearing is by incorporating the same in a bill of exceptions.

The bill of exceptions in this case recites that the records and files in the action were offered and used on the hearing, but neither the complaint, summons, motion for cost bond, nor the proposed answer is incorporated therein. These papers are therefore not properly before the court. Compliance by appellant with "such regulations and limitations as may be prescribed by law" being necessary to give this court jurisdiction of an appeal, without substantial compliance therewith jurisdiction does not attach. As well said by Judge Knowles, in the case of *Rader* v. *Nottingham*, 2 Mont. 157: "Holding, as we do, that we have no jurisdiction to determine the issue presented in this appeal, any judgment or order that we might render thereon would be void. Not desiring to cumber our records with a void judgment or order to vex the court below with, we must dismiss this appeal on our own motion." This language is quoted with approval in the case of *State ex rel. Pierson* v. *Millis, supra.*

In our opinion, inasmuch as the papers used upon the hearing in the court below are not properly certified to this court, the appeal must be dismissed, under the provision of Section 1740 of the Code of Civil Procedure.

PER CURIAM.—For the reasons stated in the foregoing opinion, the appeal is hereby dismissed.

It is the opinion of this court that it is important that the practice in perfecting appeals to this court be permanently settled in accordance with the provisions of the statute.