MANUEL, RESPONDENT, *v.* SCOTT ET AL., APPELLANTS.

(No. 2,515.)

(Submitted March 3, 1908.   Decided March 16, 1908.)

[94 Pac. 487.]

*Default — Setting Aside — Appeal—Record—Authentication — Dismissal.*

Appeal—Record—Authentication.
1.   Papers not made a part of the record on appeal by statute can be put into or made a part of it only by bill of exceptions or statement duly certified by the judge sitting in the cause.

Same.
2.   Papers, supposedly used at a hearing of a motion to set aside a default, which are not brought into the record on appeal by bill of exceptions, nor identified in any way, but are merely certified to by the clerk of the district court as being all the papers used on the hearing of the motion, are not properly in the record and will be stricken out.

Same—Default—Record.
3.   The record on appeal from an order vacating or refusing to vacate a default consists of the papers used on the motion.

*Appeal from District Court, Meagher County; E. K. Cheadle, Judge.*

ACTION by Josephine Manuel, as administratrix of Moses Manuel, deceased, against Sam and Jennie Scott. From an order overruling a motion to set aside a judgment entered after default for want of an answer, defendants appeal. Dismissed.

*Mr. E. A. Carleton,* for Appellants.

*Messrs. McIntire & McIntire,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Appeal from an order overruling defendants' motion to set aside a judgment entered after default for want of an answer. A motion has been submitted by respondent asking that certain

portions of the transcript be stricken out, on the ground that they are not a part of the record. There is also submitted a motion to dismiss the appeal, on the ground that the appellants have failed to furnish to this court any authentic record of the papers used on the trial of the motion in the district court. The portions of the transcript to which the motion to strike is directed are all the papers copied into it, including the affidavits of one of the defendants and their counsel, which are supposed to have been used at the hearing of the motion in the district court, to show excusable neglect on the part of the defendants to file their answer in time, except only the copies of the order overruling the motion and of the notice of appeal.

Section 1737 of the Code of Civil Procedure provides: "On appeal from an order, except an order granting or refusing a new trial, the appellant must furnish the court with a copy of the notice of appeal, of the judgment or order appealed from, and of papers used on the hearing in the court below." The papers above referred to have not been brought into the record by bill of exceptions, nor are they identified in any way as the papers used on the hearing of the motion, except by the certificate of the clerk attached to the transcript, wherein he states that the transcript contains "all the papers used on the hearing of defendants' motion to set aside the default and to vacate the decree herein," enumerating them.

No paper or other matter, not made a part of the record in a cause by the statute, can be put into it or be made a part of it, except by bill of exceptions or statement duly certified by the judge sitting in the cause. "The purpose of a bill of exceptions is to incorporate in an authentic form, as a part of the record, proceedings on the trial, including rulings of the trial judge alleged to be erroneous, the objections and exceptions taken thereto, with the grounds thereof, which would not otherwise appear therein." (*In re Dougherty's Estate,* 34 Mont. 336, 86 Pac. 38.) The clerk cannot, under the authority given him by the statute, add anything to the record. He can go no further than to certify that the copies furnished by him are correct cop-

ies; and if he does so, his certificate is of no efficacy to make any matter a part of the record which is not in fact such. (Code Civ. Proc., sec. 1739, amended by Laws 1907, p. 91; *Cornish* v. *Floyd-Jones*, 26 Mont. 153, 66 Pac. 838; *Conklin* v. *Cullen*, 25 Mont. 214, 64 Pac. 502; *Emerson* v. *McNair*, 28 Mont. 578, 73 Pac. 121.) And so, if the particular paper, not a part of the record, is not brought into it by bill of exceptions in the usual way, it cannot be considered for any purpose. (*In re Dougherty's Estate, supra,* and cases cited; *Rose* v. *Northern Pac. Ry. Co.*, 35 Mont. 70, 119 Am. St. Rep. 836, 88 Pac. 767; *Borden* v. *Lynch*, 34 Mont. 503, 87 Pac. 609.)

The record on appeal from an order vacating or refusing to vacate a default consists of the papers used on the motion, whatever they are. (Code Civ. Proc., sec. 1737.) All of these, except the order and the notice of appeal, must be authenticated by bill of exceptions. Since this is so, and since none of the other papers in the transcript before us are properly in the record, they have no place therein and must be stricken out. This leaves nothing before us except the order and the notice. The appellants having failed to furnish the required record, there is nothing upon which we can consider or determine the merits of the appeal. Accordingly the motion to dismiss is sustained. (Code Civ. Proc., sec. 1740.)

*Dismissed.*

MR. JUSTICE HOLLOWAY and MR. JUSTICE SMITH concur.

Rehearing denied April 14, 1908.