## THE PEOPLE *v.* GUZMÁN.

APPEAL from the District Court of Guayama.

No. 176.—Decided May 20, 1909.

PENAL LAW—PERJURY—CONTINUING THE TRIAL—DISCRETION OF THE COURT.—
The question of continuing or not the proceedings is one which is addressed to the sound discretion of the court, and only if it were shown that the court had impaired the material rights of the defendant by committing a real abuse of its discretionary powers would the reversal of the judgment on such grounds be proper.

ID.—CONTINUING THE TRIAL—GROUNDS OF THE MOTION.—If it was the intention
of the appellant that the Supreme Court should review the order of the dis-
trict court denying the motion for a continuance, he should have set out
in his bill of exceptions the grounds on which his motion was based.

ID.—DUTY OF THE SECRETARY—TRANSCRIPT OF APPEAL.—After the Act of March
7, 1908, to amend section 356 of the Code of Criminal Procedure, went into
effect, the secretary of a district court cannot and should not include, as
part of the record of the case, the "allegations, motions and orders made
or directed during the trial," referred to in rule 16, letter K, of the Rules
of District Courts.

ID.—TRANSCRIPT OF RECORD—BILL OF EXCEPTIONS—PAPERS FOREIGN TO THE
RECORD.—No paper or other matter, not made a part of the record in a case
by the statute, can be put into it, or be made a part of it, except by bill of
exceptions or statement duly certified by the judge sitting in the cause.

ID.—BILL OF EXCEPTIONS—ITS OBJECT.—The purpose of the bill of exceptions
is to incorporate in an authentic form, as a part of the record, proceedings
on the trial, including rulings of the trial judge alleged to be erroneous, the
objections and exceptions taken thereto, with the grounds thereof, which
would not otherwise appear therein.

ID.—NOTICE OF APPEAL—GROUNDS THEREOF.—The notice of appeal is not the
proper document in which to set forth the grounds of the appeal taken.

The facts are stated in the opinion.

The appellant did not appear.

*Mr. Rossy, fiscal,* for respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from the District Court of Guayama.
The *fiscal* of said district filed the following information on
December 5, 1908:

"In the name and by the authority of The People of Porto Rico.
United States of America, ss. The President of the United States.
*The People of Porto Rico* v. *Delfin Guzmán.* In the District Court
of Guayama, December 5, 1908. Delfin Guzmán is accused by the
*fiscal* of the crime of perjury, a felony, committed as follows: In a
complaint sworn to before the Justice of the Peace of Barranquitas,
Ramón Rivera Gómez, an officer anuthorized to administer oaths, in
Barranquitas, within the judicial district of Guayama, and one day
in the month of May, 1908, the said Delfin Guzmán falsely, unlawfully
and wilfully, and contrary to his oath, with the fraudulent intent of
prejudicing Rosendo Collazo, Catalino Collazo and Mercedes Padilla,
stated as true the following material matters: 'That about four years
ago, not being able to remember the month and day, he was called
one night by his neighbor, Rosendo Collazo, in the *barrio* of Helechal,

of Barranquitas, to help and accompany him to bury a heifer in the Estate of Matojo Blanco, of Aibonito, where they went, and upon reaching the estate they were joined by Mercedes Padilla and Catalino Collazo, and upon reaching the place where he thought they were going to bury the heifer he saw a grave in which had been placed the body of Antonio Negron, whom he was able to identify because he was still uncovered from the waist up, and that when he got ready to throw earth on the body Mercedes Padilla and Catalino Collazo had already thrown a sufficient amount of earth to cover him, and that six or seven days after this occurrence Rosendo Collazo told him that his son, Catalino Collazo and Mercedes Padilla had between them killed Antonio Negron with blows with a machete and stones, because the latter had struck a child of Catalino while drunk, the defendant knowing the falsity of this declaration, which is a matter material to the issue of the sworn complaint which gave rise to an information being filed against Rosendo Collazo, Catalino Collazo and Mercedes Padilla, who were imprisoned, none of them having killed or buried Antonio Negron, because, as a matter of fact, said individual was not dead, and is now living. This act is contrary to the law in such case made and provided and against the peace and dignity of The People of Porto Rico. Felix Córdova Dávila, District Fiscal.

The above information is filed, based upon the sworn testimony of witnesses, and I solemnly believe that there is just cause for the filing of this information. Felix Córdova Dávila, District Fiscal.

Sworn to and signed before me this 5th day of December, 1908. Francisco Morales, Secretary of the District Court of Guayama, P. R.''

The defendant was arraigned on December 7, 1908, and, assisted by counsel appointed by the court, he pleaded not guilty and asked for a trial by jury.

The trial was had on February 15, 1909, and the jury, after hearing the allegations, the evidence and the arguments of counsel and the charge of the court, returned a verdict finding the defendant, Delfin Guzmán, guilty of the crime of perjury. The court pronounced judgment on February 18, 1909, sentencing the defendant to imprisonment in the penitentiary for three years, without allowance of the provisional imprisonment he had suffered.

The appeal was taken on February 23, 1909, and was opposed in due time by the *fiscal.* The hearing was had on April 29, 1909, and the *fiscal* only was present thereat.

The transcript of the record contains the following bill of exceptions:

"February 23, 1909. Island of Porto Rico, Judicial District of Guayama. *The People of Porto Rico* v. *Delfin Guzmán.* In the district court. For the alleged crime of perjury. Bill of exceptions. Be it known that on February 15, 1909, the trial of Delfin Guzmán for the alleged crime of perjury was had before a jury in the District Court of Guayama, the judge of said court being Luis Muñoz Morales, The People of Porto Rico being represented by Córdova Dávila, *fiscal,* and during the trial counsel appointed to conduct the defense of the defendant in his turn, Luis Capo Matres, took the following exception: Attorney Luis Capo Matres moved for a continuance for the reasons set forth in his motion. The court overruled the motion. The defense took an exception. Therefore, I pray this honorable court that, upon presentation of this bill of exceptions, it approve and sign the same in order that it may be attached to the record and serve for the appeal from this judgment. Guayama, February 23, 1909. Luis Capó.

Service of notice by delivery of a copy made this 23d day of February, 1909. Felix Córdova Dávila, Fiscal of the District Court. February 26, 1909.

Approved for the purpose of the appeal, Guayama, February 26, 1909. Luis Muñoz Morales, Judge."

In order to be able to consider and decide the question raised we should be familiar with the motion for the continuance and such motion has not been transcribed. We do not know the grounds on which the motion was based, and, therefore, we cannot say whether the court erred or not in overruling it. The question of continuing proceedings is one which is addressed to the sound discretion of the court, and only if it were shown that the court had impaired the material rights of the defendant by committing a real abuse of its discretionary powers would the reversal of the judgment on such grounds be proper.

If it was the intention of the appellant for the Supreme Court to review the order of the District Court of Guayama denying the motion for a continuance, he should have set out in his bill of exceptions the grounds on which his motion was based.

The rules of the District Court of Guayama, approved in 1904, in establishing the order to be observed in the preparation of transcripts, rule 16, letter K, impose on the secretary of the district court the duty of transcribing "any other allegations, motions or orders made or directed during the trial, which call for review by the Supreme Court."

The Act of March 7, 1908, to amend section 356 of the Code of Criminal Procedure, etc., provides what constitutes the record of the case, six copies of which must be transmitted by the secretary of the district court to the secretary of the Supreme Court, in the event of an appeal being taken. The words of the law are the following: "Which record shall consist of: 1st, The information; 2d, Defendant's pleading, 3d, The court's instructions to the jury, should trial be a jury trial; 4th, Instructions refused, if any; 5th, The verdict; 6th, Motion for a new trial, if any, and the court's decision; 7th, Judgment and sentence; 8th, Bill of exceptions, if any; 9th, Statement of facts, if any; 10th, Notice of appeal; 11th, Clerk's certificate stating that the copy is a true one of the originals existing in the archives of the court."

The reqlirements of rule 16, letter K, are not reproduced in the Act of March 7, 1908, and, therefore, we must reach the conclusion that the secretarty after the date said act went into effect, March 7, 1908, cannot and should not include on his own reseponsibility, as part of the record of the cause, the "allegations, motions, and orders made or directed during the trial," referred to in rule 16, but confine himself to what the law provides.

The Supreme Court of Montana, in the case of *Manuel v. Scott et al.,* 29 Mont., 37, said: "No paper or other matter, not made a part of the record in a cause by the statute, can be put

into it or be made a part of it, except by bill of exceptions or statement duly certified by the judge sitting in the cause. 'The purpose of a bill of exceptions is to incorporate in an authentic form, as a part of the record, proceedings on the trial, including rulings of the trial judge alleged to be erroneous, the objections and exceptions taken thereto, with the grounds thereof, which would not otherwise appear therein.' '' (*In re Dougherty's Estate*, 34 Mont., 336, 86 Pac., 38.) The clerk cannot, under the authority given him by the statute, add anything to the record. He can go no further than to certify that the copies furnished by him are correct copies; and if he does so, his certificate is of no efficacy to make any matter a part of the record which is not in fact such. (Code Civ. Proc., sec. 1739, amended by Laws 1907, p. 91; *Cornish* v. *Floyd-Jones*, 26 Mont., 153, 66 Pac., 838; *Conklin* v. *Cullen*, 25 Mont., 214, 64 Pac., 502; *Emerson* v. *McNair*, 28 Mont., 578, 73 Pac., 121.) And so, if the particular paper, not a part of the record, is not brought into it by bill of exceptions in the usual way, it cannot be considered for any purpose. *In re Dougherty's Estate, supra,* and cases cited; *Rose* v. *Northern Pac. Ry. Co.*, 35 Mont., 70, 119, Am. St. Rep., 836, 88 Pac., 767; *Borden* v. *Lynch*, 34 Mont., 503, 87 Pac., 609.)

The foregoing opinion of the Supreme Court of Montana was delivered in a civil case, but we believe it applicable to this criminal case both because it refers to the manner of presenting the record in appellate courts, which subject is governed by the same principles in civil as in criminal proceedings, and because our laws contain a provision which expressly defines what constitutes the record of a criminal cause, six copies of which must be transmitted to the Supreme Court when an appeal is taken.

Another question appears to have been raised in the district court, but it has not been properly presented in this Supreme Court. In the notice of the appeal it is stated that the defendant ''does not agree   *   *   *   for the reason that the undersigned attorney is of the opinion that said defendant,

notwithstanding the opinions of the medical experts to the effect that he was not suffering from mental aberration the day of the trial, was insane because according to authorized opinions of physicians and alienists expressed in medical works such as those of Lombroso and others, for a physician to express an opinion on the mental condition of a person, it is not sufficient to keep such a person under observation for a couple of days, as has been done in this case, but such person must be placed under observation for a minimum period of 10 days."

The record does not show anything as to whether the question of the insanity of the defendant was raised. In the bill of exceptions presented, no reference is made to this question. There is no statement of facts in this case, and as a matter of fact, the notice of appeal addressed in accordance with the law to the secretary is not the proper document in which to set forth the grounds of the appeal taken.

After having carefully examined the copies of the record, we believe that no error of law whatsoever has been committed in this cause, and, therefore, that the judgment of the District Court of Guayama should be affirmed.

*Affirmed.*

Justices MacLeary and Wolf concurred.

Mr. Chief Justice Hernández did not take part in the decision of this case.